UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORANGE COUNTY,
MARTHA O. HAYNIE, ORANGE
COUNTY COMPTROLLER,
Plaintiffs,

-vs-

Case No. 6:06-cv-504-Orl-18JGG

EXPEDIA, INC.,
ORBITZ, LLC,
ORBITZ, INC.,
Defendants.

---

# ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Remand (Doc. 9, filed May 5, 2006), to which Defendants responded in opposition (Doc. 12, filed May 19, 2006). Plaintiffs subsequently were granted permission to file (and did file) a Reply to Defendants' Memorandum in Opposition. (Doc. 18, filed June 19, 2006.) After a thorough review of the motions and memoranda of both Plaintiffs and Defendants, the Court finds that it lacks subject matter jurisdiction to adjudicate this case. As a result, this case shall be **REMANDED** to the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.

## I. BACKGROUND

Plaintiffs Orange County, Florida, and Martha O. Haynie, Orange County Comptroller (collectively, "Plaintiffs") commenced this action in the Circuit Court for the Ninth Judicial Circuit in and for Orange County against Defendants Expedia, Inc., Orbitz, LLC, and Orbitz, Inc. (collectively, "Defendants"). Plaintiffs seek a declaratory judgment regarding the

application of the Tourist Development Tax ("TDT") to Defendants' sales of the right to use hotel accommodations in Orange County, Florida, as well as an assessment and collection of the TDT owed. Plaintiffs filed this case in state court in order to gain a judicial determination as to whether Defendants owe any more money under the application of the TDT. It is Plaintiffs' contention that Defendants, who are in the business of reselling hotel rooms which they have acquired at a wholesale rate from the hotels to end users (individual customers), should pay the TDT based on the rate they sell to the end users, not based on the wholesale rate they receive from the hotels. The tax on the difference between these prices is the point of dispute in this lawsuit.

Defendants removed this action to federal court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1441.

Two questions therefore are present before the Court:

(1) Does the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, eliminate the Court's subject matter jurisdiction in this matter?

(2) If the TIA does not preclude the exercise of jurisdiction, should the Court choose not to exercise jurisdiction based on the abstention doctrine?

## II. ANALYSIS

The TIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "The limitation imposed by the [TIA] is jurisdictional. . . . [O]nce a federal court determines that it is without subject

matter jurisdiction, [it] is powerless to continue . . . ." Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1255 (11th Cir. 2003) (citations omitted) (internal quotation marks omitted). The Eleventh Circuit has held that "the [TIA] will bar the exercise of federal jurisdiction if two conditions are met: (1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy.'" Williams v. City of Dothan, 745 F.2d 1406, 1411 (11th Cir. 1984).

This two-part test is ordinarily the crux of a court's opinion when dealing with the TIA. However, the present case does not have the accustomed plaintiff-defendant breakdown as most other cases presented in federal court that deal with the TIA. This case is not brought by a plaintiff who is challenging a tax that has been imposed, *i.e.* a taxpayer, but is instead brought by the governmental agency seeking to impose the tax (in this case, Orange County seeking to impose the TDT). Plaintiffs seek "a declaratory judgment concerning their power, privilege and right to audit the Defendants regarding the [TDT], and to assess and collect TDT due from the Defendants on account of the sale of room nights in hotels located in Orange County, Florida." (Compl. ¶ 4.) This exact language of what Plaintiffs are seeking is the key element in this Court's decision to remand.

While the language of the TIA makes it clear that a federal district court is prohibited from issuing an injunction from stopping the collection of state taxes, the Supreme Court has concluded that "the [TIA] also prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional." California v. Grace Brethren Church, 457 U.S. 393, 408 (1982). The Supreme Court further elucidated this point by explaining that

> because there is little practical difference between injunctive and declaratory relief, we would be hard pressed to conclude that Congress intended to prohibit taxpayers from seeking one form of anticipatory relief against state tax officials in federal court, while permitting them to seek another, thereby defeating the principal purpose of the [TIA]: "to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes."

Id. at 408-09 (quoting Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 522 (1981)).

On the face of the Complaint, it appears that Plaintiffs are merely asking for a declaratory judgment concerning their rights to collect any additional TDT funds from Defendants. However, Defendants claim that the suit is actually one to collect tax (*i.e.*, this is a collection action and not merely a suit seeking a declaratory judgment). This distinction is important because the Supreme Court has held that "a suit to collect a tax is surely not brought to restrain state action, and therefore does not fit the [TIA's] description of suits barred from federal district court adjudication." Jefferson County v. Acker, 527 U.S. 423, 433-434 (1999). In essence, a suit brought by a government agency to collect taxes from a defendant is not prohibited from being heard in federal district court by the TIA.

This Court views the suit brought by Plaintiffs, through the precise words of the Complaint, as solely seeking a declaratory judgment, and not as a collection action. Plaintiffs are not seeking a specific monetary total that has been pre-determined, which is the situation in most collection actions. See, e.g., City of Phila. v. Opinion Dynamics Corp., 185 F. Supp. 2d 442, 443 & n.1 (E.D. Pa. 2002) (denying motion to remand based on the TIA because of Jefferson County; suit was deemed a collection action in part because Plaintiff sought "to recover a total of $77,333.50, including back taxes, penalties, interest, anticipated court costs,

anticipated collection costs, and attorneys' fees"). The Complaint specifically outlines the "Declaratory Relief Sought By the Plaintiffs," part of which includes "a definitive ruling regarding their powers in the performance of [the administration of the TDT]." (Comp. ¶ 33.) Merely because the end goal of the Plaintiffs will be a collection of taxes in a future suit against Defendants does not mean that this *particular* suit is a collection action. Because this suit is Plaintiffs solely seeking a declaratory judgment, the TIA applies.[1]

Even if this Court determined that the TIA did not apply, however, the doctrine of abstention would still dictate this Court remanding the case to state court. The Supreme Court has outlined the principle as follows:

> "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest."

Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)). The Supreme Court further listed the three general categories under which abstention is appropriate: (1) "cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," id. at 814 (internal quotation marks omitted); (2) cases "where there have been presented difficult questions of state law

[1]There is no dispute by either of the parties that the TDT qualifies as a "tax" for the purposes of this suit. Likewise, there is also no dispute over whether there is a "plain, speedy and efficient remedy" afforded by Florida regarding the determination of the parameters of the TDT.

bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," id.; and (3) cases "where absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining . . . collection of state taxes."[2] Id. at 816 (citations omitted). This case falls squarely into the category of "collection of state taxes." This suit also falls under the rubric of "difficult questions of state law bearing on policy problems of substantial public import." As the Supreme Court has stated, "[i]t is enough that exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Id. at 814. Tax structures such as the TDT are integral to local, county and state communities. As Plaintiffs point out in their Motion to Remand,

> the revenue generated by the [TDT] has only the following authorized uses: (1) acquiring, constructing, improving, operating, or promoting one or more publicly-owned and operated convention centers, sports stadiums and arenas, auditoriums and museums that are publicly-owned and operated and open to the public; (2) promoting and advertising tourism in the State of Florida; (3) to fund convention bureaus and tourist bureaus[;] (4) financing beach park facilities, beach improvement, and cleanup and preservation of beaches, and inland lakes and rivers; and (5) securing and liquidating bonds for the purposes of carrying out the functions listed above.

---

[2] Also listed in this third category are cases that restrain "state criminal proceedings" and "state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 816 (1976).

(Doc. 9 at 5.) (citing Fla. Stat. § 125.0104(5)). The question presented in this Complaint is one that should be decided by the state court in which it was originally filed. Abstention is therefore appropriate.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**. It is **ORDERED** that this case be **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. Furthermore, any pending motions are **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on this 2 day of August, 2006.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties